OPINION
{¶ 1} Appellant Kelly Hurt ("mother") appeals the October 18, 2002 Judgment Entry entered by the Richland County Court of Common Pleas, Juvenile Division, approving and adopting over mother's objections the magistrate's August 1, 2002 Decision, terminating all of mother's parental rights and responsibilities relative to her five minor children, and granting permanent custody of the children to appellee Richland County Children Services Board ("RCCSB").
 STATEMENT OF THE FACTS AND CASE {¶ 2} RCCSB became involved with mother and her five children in April, 1999, after mother was charged with child endangering. On April 20, 1999, mother entered a plea of no contest to that charge. The court therein placed her on diversion probation on the condition she cooperate with RCCSB and comply with a protective supervision order. On August 5, 1999, RCCSB filed separate complaints, alleging each of the children was a dependent child, and seeking protective supervision. The trial court granted temporary custody of the children to RCCSB on November 4, 1999.
 {¶ 3} RCCSB filed a Motion for Permanent Custody on March 1, 2001. After conducting a two day contested hearing on the motion, the magistrate denied RCCSB's request and continued temporary custody. The trial court approved and adopted the magistrate's decision via Judgment Entry filed July 16, 2001. Subsequently, the trial court ordered an amended case plan, which required mother to undergo a new psychological evaluation, attend individual and family counseling, refrain from making disparaging comments to the children relative to the matter and anyone involved therein, and provide child support.
 {¶ 4} During the pendency of the matter, mother was charged with domestic violence as a result of her throwing a shoe at Navah, the eldest child, and blackening his eye. Mother entered a no contest plea to an amended charge of assault and was convicted thereon on December 7, 2001. On September 21, 2001, RCCSB filed a second motion seeking permanent custody of the children. While the motion was pending, RCCSB terminated mother's visits with the children because of her disrupted behavior. The trial court ordered the visits resumed in mid-November, 2001, and directed mother to refrain from her disruptive behavior. RCCSB again discontinued the visits after a visit on January 25, 2002, when mother violated the trial court's directions.
 {¶ 5} The motion for permanent custody came on for hearing before the magistrate on March 28, April 23, and April 30, 2002. After hearing testimony and reviewing the evidence, the magistrate recommended mother's parental rights and responsibilities with respect to all of the children be terminated, and the children be placed in the permanent custody of RCCSB. Mother filed objections to the magistrate's decision. Via Judgment Entry filed October 18, 2002, the trial court approved and adopted the magistrate's decision, and overruled mother's objections.
 {¶ 6} It is from this judgment entry mother appeals, raising as her sole assignment of error:
 {¶ 7} "I. The Trial Court's Finding That Permanent Custody Should Be Granted To R.C.C.S.B. Is Against The Manifest Weight Of The Evidence."
 {¶ 8} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
 {¶ 9} "(E) Determination and judgment on appeal.
 {¶ 10} "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 {¶ 11} "The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 12} This appeal shall be considered in accordance with the aforementioned rule.
 I. {¶ 13} Herein, mother contends the trial court's decision to grant permanent custody to RCCSB was against the manifest weight of the evidence.
 {¶ 14} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.
 {¶ 15} The relevant statute is R.C. 2151.414, which provides, in pertinent part: "(B) The court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply: (a) The child is not abandoned or orphaned * * *, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents. * * * (d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 16} In determining the best interest of a child, R.C. 2151.414(D) states: (D) * * * the court shall consider all relevant factors, including, but not limited to, the following: (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child; (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) The custodial history of the child * * *; (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
 {¶ 17} Upon review of the record, we find the trial court's finding it was in the Hurt children's best interest to grant permanent custody to RCCSB is not against the manifest weight of the evidence. The trial court found, pursuant to R.C. 2151.414(B)(1)(a), the children could not be placed with mother within a reasonable time or should not be placed with mother. However, a best interest determination, standing alone, is not sufficient to grant permanent custody of a child to an agency and divest parents of their parental rights.
 {¶ 18} R.C. 2151.414(E) states: "In determining at a hearing held pursuant to division (A) of this section . . . whether a child cannot be placed with either of his parents within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines * * * that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with the parent: * * * (5) The parent is incarcerated for an offense committed against the child or a sibling of the child; (6) The parent has been convicted of or pleaded guilty to an offense under division (A) or (C) of section 2919.22 * * * (7) The parent has been convicted of or pleaded guilty to one of the following: (a) An offense under section * * * 2903.03 of the Revised Code * * * the victim of the offense was a sibling of the child or the victim was another child who lived in the parent's household at the time of the offense; * * * (c) An offense under division (B)(2) of section 2919.22 of the Revised Code * * * the child, a sibling of the child, or another child who lived in the parent's household at the time of the offense is the victim of the offense."
 {¶ 19} The trial court found mother had been convicted of child endangering, in violation of R.C. 2919.22, which offense involved all of the children. The trial court further found mother was convicted of and incarcerated on charges of assault, in violation of R.C. 2903.13, in which the oldest sibling was the victim. The trial court noted mother's chronic mental and emotional illness was so severe she was unable to provide an adequate permanent home for the children at the present time or within one year of the hearing. Although mother argues the two psychological reports relative to her mental or emotional illness were inconsistent, the trial court, as the trier of fact, was in the best position to evaluate all of the evidence on that issue.
 {¶ 20} Additionally, the trial court found the Hurt children had been in the temporary custody of RCCSB for 12 or more months of a consecutive 22 month period. In light of the foregoing and based upon the entire record in this matter, we find the trial court's decision to grant permanent custody of the Hurt children to RCCSB and terminate mother's parental rights and responsibilities was not against the manifest weight of the evidence.
 {¶ 21} Mother's sole assignment of error is overruled.
 {¶ 22} The judgment of the Richland County Court of Common Pleas, Juvenile Division, is affirmed.
Farmer, J. and Boggins, J. concur topic: permanent custody